UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON DAVIS,

    Plaintiff,

vs.                                                                                    Case No. 15-10805

JP MORGAN CHASE BANK, N.A.                              HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S**
**DEPOSITION, PRODUCTION OF DOCUMENTS AND TO EXTEND DISCOVERY**
**(Doc. 10)**[1]

I. Introduction

This is an action surrounding a parcel of real estate in Wayne County. As best as can be gleaned, plaintiff Damon Davis, currently proceeding pro se,[2] is suing defendant JP Morgan Chase Bank, N.A. (Chase) contending that Chase violated state and federal law in foreclosing on property in which Davis was a bona fide tenant.

Before the Court is Chase's motion to compel Davis' deposition, production of documents, and to extend discovery. For the reasons that follow, the motion is

---

[1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]As will be explained, counsel for Chase was contacted by an attorney, Kim McGary, who said she represents Davis. However, McGary has not filed an appearance on his behalf.

GRANTED.

## II.  Background

On May 1, 2015, the Court entered a Scheduling Order providing that Discovery was due by September 1, 2015.  (Doc. 9).  On May 7, 2015, Chase served a Notice of Taking Deposition Duces Tecum and a Request for Production of Documents on Plaintiff.  The deposition was noticed for June 12, 2015.

On June 10, 2015, an attorney, Kim McGary, contacted Chase's counsel and advised she would be appearing as counsel for Davis.  McGary also asked Chase's counsel if the deposition could be re-scheduled to June 30, 2015.  Chase agreed to the adjournment and asked McGary to confirm she would provide the requested documents prior to the date of deposition.  See Chase's Ex. B, Email Correspondence from June 10, 2015.

On June 29, 2015, McGary requested a second adjournment of the deposition.  Chase's counsel again agreed and asked McGary to produce the requested documents.  See Chase's Ex. C, Email Correspondence from June 29, 2015.

McGary later advised that her client would appear on July 22, 2015 for a deposition.  However, on July 21, 2015, McGary cancelled the deposition because she had not yet filed an appearance in this Court.

To date, Davis has not appeared for a deposition or produced the requested documents, nor has McGary filed an appearance on Davis' behalf.

## II.  Discussion

A party may move for an order compelling discovery.  See Rule 37(a)(1); LR 7.1(a)(2).  The Court may modify its Scheduling Order for good cause.  See

Rule 16(b)(4).

Here, Davis has not appeared for a deposition or produced any documents Chase requested. Chase has a right to depose Davis to investigate the basis for his claims and request documents. There is also good cause exists for extending discovery.

In response, Davis says that Chase mischaracterizes his position and has been unwilling to resolve this matter. He also says McGary has had difficulties in being admitting to practice in federal court which has delayed the case. He asks that any order compelling a deposition or documents be after such time as McGary files an appearance.

Chase also requests that if Davis fails to appear for the deposition, the matter be dismissed as a sanction. Rule 37 authorizes the imposition of sanctions for a party's failure to make Rule 26(a)(1) disclosures, Rule 37(c)(1), or failure to respond to written discovery requests or to attend one's own deposition, Rule 37(d)(1). A court has wide discretion in determining an appropriate sanction under Rule 37. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir.1988). The exercise of the court's discretion must be informed by four factors:

> "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered."

Doe v. Lexington–Fayette Urban County Government, 407 F.3d 755, 765–66 (6th

Cir.2005) (quoting <u>Freeland v. Amigo</u>, 103 F.3d 1271, 1277 (6th Cir.1997)). See also <u>Patton v. Aerojet Ordnance Co.</u>, 765 F.2d 604, 607 (6th Cir.1985) ("Dismissal of action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault.").

### III. Conclusion

For the reasons stated above, Chase's motion is GRANTED. Davis is EXPRESSLY ORDERED to appear for a deposition and produce documents within two (2) weeks of this order, regardless of whether McGary files an appearance on his behalf.

Davis is also EXPRESSLY ADVISED that a failure to appear for a deposition or provide timely responses may result in the imposition of sanctions, including dismissal.

Discovery is extended 45 days from the date of this order.

      SO ORDERED.

                         <u>s/Avern Cohn</u>
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE

Dated: August 24, 2015
      Detroit, Michigan